**FRANTZ, a minor, Plaintiff, v. FLORENCE, Admr. et, Defendants.**

Common Pleas Court, Geauga County.

No. 498130.

John F. Curry, Harry L. Deibel, Cleveland, for plaintiff.
Calfee, Fogg, McChord & Halter, Cleveland, for defendant.

## OPINION

By RICHMOND, J.

This is an action for declaratory judgment, the undisputed facts are:

Dr. Wm. M. Florence was the father of two sons, i. e. Wm. C. Florence and John T. Florence. Wm. C. Florence died on February 13, 1945, leaving surviving him one son, i. e. Wm. J. Florence who was born on August 10, 1943, and his widow Alice. In 1950 Alice married Dr. M. J. Frantz; on April 15, 1953, Dr. M. J. Franz adopted the stepchild Wm. J. Florence and on April 6, 1954, Dr. Wm. M. Florence died intestate, unmarried, leaving surviving him his grandson Wm. J. Frantz, plaintiff, and his son John T. Florence, Defendant.

The question presented is one of law: Does the adoption statute in any way affect the grandson's right to inherit from his grandfather of the blood under the statute of Descent and Distribution?

The two Ohio statutes which determine whether such an adopted child has the right to inherit from his paternal grandfather are §§2105.06 and 3107.13 R. C.

Sec. 2105.06 R. C., the statute of Descent and Distribution provides in part as follows:

"When a person dies intestate having title or right to any personal property or to any real estate or inheritance in this state, such personal property shall be distributed and such real estate or inheritance shall descend and pass in parcenary * * * in the following course:

"(A) If there is no surviving spouse, to the children of such intestate or their descendants per stirpes * * *"

No one will deny that the grandchild in the case at bar will inherit under this statute unless the statute of adoption denies inheritance.

Sec. 3107.13 R. C., provides as follows:

"Except in the case of a natural parent married to the adopting parent, the natural parents, if living, shall be divested of all legal rights and obligations due from them to the child or from the child to them, and the child shall be free from all legal obligations of obedience or otherwise to such parents. The adopting parents of the child shall be invested with every legal right in respect to obedience and maintenance on the part of the child, and the child shall be invested with every legal right, privilege, obligation, and relation in respect to education and maintenance as if such child had been born to them in lawful wedlock. For all purposes under the laws of this state, including without limitation all laws and wills governing inheritance of and succession to real or personal property and the taxation of such inheritance and succession, a legally adopted child shall have the same status and rights, and shall bear the same legal relationship to the adopting parents as if born to them in lawful wedlock and not born to the natural parents; provided:

"(A) Such adopted child shall not be capable of inheriting or succeeding to property expressly limited to heirs of the body of the adopting parents.

"(B) In case of adoption by a stepfather or stepmother, the rights and obligations of the natural parent who is the spouse of the adopting step-parent shall not in any way be affected by such adoption.

"This section does not debar a legally adopted child from inheriting, under a will identifying such child by his adopted name, or later acquired name, property of such child's natural parent or parents or other natural kin as in case of bequest or devise to any other person.

"For the purpose of inheritance to, through, and from a legally adopted child, such child shall be treated the same as if he were the natural child of his adopting parents, and shall cease to be treated as the child of his natural parents for the purposes of intestate succession."

This proceeding involving the construction of §3107.13 R. C., apparently is one of first impression in this state.

Plaintiff in his brief has traced the history of the adoption statutes from 1859 to the present time and contends the last clause of §3107.13 R. C. debars intestate succession from natural parents only, and from no other blood kin; that the last clause is exclusively confined to the child, to its natural parent and its adopting parents and since the adoption statute does not expressly debar a legally adopted child from inheriting from blood kin except the natural parents, a grandson inherits from his grandfather.

Since the question in the case at bar is whether or not the adoption statute is specific in its wording as to right of an adopted child to inherit from his grandfather, let us review that part of the language of the statute that applies to the factual situation by deleting the words and phrases of the statute that do not apply.

"* * * For all purposes under the laws of this state, including without limitation all laws * * * governing inheritance of and succession to real or personal property * * *. a legally adopted child shall have the same status and rights and shall bear the same legal relationship to the adopting parents as if born to them in lawful wedlock and not born to the natural parents, provided:

"For the purpose of inheritance to * * * a legally adopted child, such child shall be treated the same as if he were the natural child of his adopting parents, and shall cease to be treated as the child of his natural parents for the purposes of intestate succession."

There is no question but what the Legislature has the power to control the manner in which property shall descend and be distributed. The right to inherit property is not an inherent or natural right, it is entirely statutory. The Legislature may create and change the right of inheritance as it sees fit (129 Oh St 625). It is the conclusion of the Court that the language of the adoption statute (§3107.13 R. C.) is clear that an adopted child ceases to be the child of his natural parents for the purpose of each and every possibility of inheritance under the statute of Descent and Distribution; that the blood line is completely severed; that Wm. J. Frantz, the plaintiff herein, is precluded from inheriting a share of his grandfather's estate under the law.

While it is a harsh rule under the circumstances found herein, the social purpose or lack of purpose of the enactment of the statute by the Legislature is not for the consideration of this Court.

The attorney for the defendant may submit an entry conforming herewith. Exceptions.